IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

DANA BOWMAN,                    )
                                )
            Plaintiff,          )
                                )
-vs-                            )
                                )   Case No. CIV-19-0675-F
MERRIMAC REAL ESTATE            )
HOLDINGS, LLC, et al.,          )
                                )
            Defendants.         )

# ORDER

Two motions are before the court. The first is a motion to dismiss filed by defendant SRT-Landing, LLC (SRT). Doc. no. 11. In that motion, SRT asks the court to dismiss it from this action under Rules 12(b)(1) and (6), Fed. R. Civ. P. The second motion is filed by Legacy Housing, LLC (Legacy). Doc. no. 20. In that motion,[1] Legacy seeks to join SRT's motion to dismiss to the extent SRT seeks dismissal under Rule 12(b)(1). Both motions are at issue and ready for determination.[2]

---

[1] Legacy's motion is entitled not as a motion but as a "joinder."

[2] SRT's motion to dismiss was briefed through the sur-reply stage although plaintiff did not seek, and was not granted, leave to file a sur-reply brief. Future filings which do not comply with the rules may be stricken without further comment. The motion to join was responded to, but no reply brief was filed with respect to that motion. Accordingly, the briefing is complete on both motions.

## I. Introduction

Plaintiff asserts claims under the Fair Housing Act (FHA), 42 U.S.C. §3604(f)(1), (2), (3)(C). *See*, doc. no. 1, ¶¶ 31, 35.

Defendants Merrimac Real Estate Holdings II, LLC (Merrimac) and Legacy are identified in the complaint as "Defendants." *Id.*, ¶ 1. Claims are brought against these two defendants for their alleged violations of the FHA, based on their participation in the design and construction of the subject property. *Id.*, ¶¶ 10,11, 32-36. The subject property is described in the complaint as an "apartment complex" (*id.*, ¶ 17) where plaintiff, "a disabled veteran" (*id.*, ¶ 24), "visited," "looked at one or more units," and "observed that there were accessibility barriers that would interfere with his ability to access and use the facilities and deterred him from renting a unit." *Id.*, ¶ 21.

In contrast to Merrimac and Legacy, SRT's alleged status is quite different. The complaint separates SRT from Merrimac and Legacy, referring to SRT not as one of the "Defendants" as that term is used in the complaint, but as the "Remediation Defendant." *Id.*, ¶1. As explained in the complaint, SRT "is the current owner of the Property and therefore a necessary party for remediation." *Id.*, ¶ 12.[3]

## II. Standards

SRT seeks dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction, contending plaintiff lacks standing to name SRT as a "Remediation Defendant." As already noted, Legacy asks to join SRT's motion to the extent that SRT moves under Rule 12(b)(1). Doc. no. 20, p. 1. Thus, both of the moving defendants bring challenges under Rule 12(b)(1). SRT's 12(b)(1) argument (and

---

[3] The FHA provides for broad injunctive relief. *See*, 42 U.S.C. § 3613(c).

Legacy's, by its proposed joinder) is a facial attack on the court's jurisdiction. "[A] facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true." Holt v. United States, 46 F.3d 1000, 1002 (10th Cir.1995).

With respect to the Rule 12(b)(6) part of SRT's motion, the question is whether the complaint contains enough facts to state a claim for relief against SRT that is plausible on its face. Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir., 2007), quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007). To survive a motion to dismiss, a plaintiff must nudge his claims across the line from conceivable to plausible. *Id.* In conducting its review, the court assumes the truth of the plaintiff's well-pleaded factual allegations and views them in the light most favorable to the plaintiff. Ridge at Red Hawk, 493 F.3d at 11733. Pleadings that are no more than legal conclusions are not entitled to the assumption of truth; while legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. Ashcroft v. Iqbal, 556 U.S.662, 664 (2009). The court will disregard mere "labels and conclusions" and "[t]hreadbare recitals of the elements of a cause of action" to determine if what remains meets the standard of plausibility. Twombly, 550 U.S. at 555; Iqbal, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### III. SRT's Motion

#### A. *Rule 12(b)(1) Challenge*

SRT contends that plaintiff lacks standing to include SRT as the "Remediation Defendant." SRT argues that plaintiff's FHA claims can only

3

impose liability on parties that were involved in the design and construction of the property, and that there is no allegation that SRT, as the current owner, was involved in the design or construction of the property or is otherwise liable for any FHA violations. SRT argues that the complaint is therefore "devoid of any allegation that SRT engaged in any discriminatory conduct in violation of the FHA," and that "[w]ithout such allegation, the Court lacks subject matter jurisdiction to award the injunctive relief Bowman seeks against SRT." Doc. no. 11, p. 7 of 17.

Plaintiff responds with two types of arguments.

(1). Plaintiff argues that Rule 19, Fed. R. Civ. P., provides for the joinder of necessary parties, and that SRT is a necessary party given the type of injunctive relief which is permitted under the FHA and which is sought from SRT in this action. Plaintiff argues that because SRT is a necessary party under Rule 19, there is no need for further consideration of plaintiff's standing to name SRT as a "Remediation Defendant."

Other courts have agreed with plaintiff that a remedial defendant who, as owner of the property, occupies a position like the alleged position of SRT, should remain a defendant in this type of action. These courts have based their conclusions on the need for such a defendant's presence in the suit in the event that remediation is ultimately required, albeit at no expense to such defendant. As stated in National Fair Housing Alliance, Inc v. S.C. Bodner Co., Inc., 844 F. Supp.2d 940, 945 (S.D. Ind. 2012):

> As for the remedial Defendants, the court agrees with the Plaintiffs, that the presence of those Defendants in the lawsuit is required if complete relief is to be provided. Should the claims against the design/build Defendants be successful with regard to the properties owned by the remedial Defendants and a retrofit of the various

4

> premises is ordered as part of any relief granted[,] there would be a need to address the interests of the owners of those properties.

*And see*, Baltimore Neighborhoods, Inc. v. Rommel Builders, Inc., 40 F. Supp.2d 700, 711-12 (D. Md. 1999):

> Plaintiffs also state they do not seek liability for FHAA violations against LGGCI. Nevertheless, plaintiffs seek to continue to maintain LGGCI as a defendant in the case to effectuate the injunctive relief sought. Plaintiffs argue that the law of equity permits the joinder of defendants who are not at fault where their ownership or control of real property is necessary to achieve the remedy. Plaintiffs do not seek to have LGGCI contribute to any monetary damages or pay for the retrofitting that may be ordered, but rather they seek to require LGGCI to permit the ordered relief in the form of retrofitting the common areas of the property. … The Court is persuaded that it is appropriate to keep LGGCI in the case so long as it represents the owners of the common areas with alleged violations. LGGCI's presence as a party in the suit appears imperative in order to afford full relief, if necessary, recognizing it bears no financial obligation to plaintiffs in this case.[4]

In contexts other than actions brought under the FHA, the court of appeals has observed that an entity may be a necessary party despite the lack of a right of action against that party, and that lack of a right of action against that party does not defeat jurisdiction. As stated in Sierra Club v. Hodel, 848 F.2d 1068, 1077 (10th Cir. 1988), overruled on other grounds in Village of Los Ranchos de Albuquerque v. Marsh, 956 F.2d 970, 973 (10th Cir. 1992):

---

[4] As in Baltimore Neighborhoods, the complaint in this action makes clear that plaintiff does not allege that SRT has committed, or is liable for, any FHA violations. The complaint also makes clear that plaintiff seeks no damages from SRT.

> If Sierra Club had not joined Garfield County as a party, then this would be a paradigm case for applying Fed. R. Civ. P. 19. [Quotation of Rule 19(a) deleted.] These criteria abound here. Sierra Club cannot hope for complete relief if the County is not enjoined from construction during the pendency of the APA action against the federal defendants. … Rule 19(a) does not permit joinder if it will deprive the court of subject matter jurisdiction over the action. Joinder here would not defeat jurisdiction, despite Sierra Club's alleged lack of a right of action against the County.

848 F.2d at 1077.[5]

In short, Rule 19 anticipates that defendants who are not alleged to be liable or to have caused the injury in question but whose presence is necessary to provide complete relief, must be joined in certain circumstances.[6] These principles apply here as the FHA provides for broad equitable relief, and as plaintiff seeks equitable relief that would require SRT's cooperation as the current owner of the property. Naming SRT as the "Remediation Defendant" is consistent with the precepts of Rule 19 and violates no standing requirements.

    (2). Plaintiff also argues that to the extent plaintiff's standing to name SRT as the "Remediation Defendant" should be addressed apart from Rule 19, any standing concerns are satisfied by the allegations. Plaintiff notes that 42 U.S.C.

---

[5] *And see*, C.R. Freeman Properties, LLC v. Reed, 2009 WL 10702204, *2 (W.D. Okla. 2009). In Freeman, the undersigned cited Sierra Club and other authorities in support of an order denying a Rule 12(b)(6) motion. The motion was filed by third-party defendant ISIS, the alleged owner of certain leases. The undersigned denied the motion to dismiss for several reasons including ISIS's alleged ownership of the leases, which showed that ISIS might have a duty, by law, to reassign or to cooperate in any reassignment of the leases even if it had no such duty under the stock purchase agreement. *Id*.

[6] Joinder is required if the party is subject to service of process and the party's joinder will not deprive the court of subject matter jurisdiction. Rule 19(a), Fed. R. Civ. P. SRT argues its joinder would defeat this court's subject matter jurisdiction, but that is incorrect.

§3613(a)(1)(A) provides that an "aggrieved party" may commence a civil action to obtain appropriate relief with respect to discriminatory housing practices; that the term "aggrieved party" is broadly defined in 42 U.S.C. § 3602(i); and that courts broadly construe standing for purposes of actions brought under the FHA.

The above principles are reviewed in Bank of America Corp. v. City of Miami, Florida, ___ U.S. ___, 137 S. Ct. 1296, 1303 (2017), as follows.

> The FHA permits any "aggrieved person" to bring a housing-discrimination lawsuit. 42 U.S.C. § 3613(a). The statute defines "aggrieved person" as "any person who" either "claims to have been injured by a discriminatory housing practice" or believes that such an injury "is about to occur." § 3602(i). This Court has repeatedly written that the FHA's definition of [a] person "aggrieved" reflects a congressional intent to confer standing broadly.

Bank of America further explains that:

> The question is whether the statute grants the plaintiff the cause of action that he asserts. In answering that question, we presume that a statute ordinarily provides a cause of action only to plaintiffs whose interests fall within the zone of interests protected by the law invoked.

*Id.*, 1302 (interior quotations omitted). Here, the complaint alleges that plaintiff is a disabled person who visited the subject apartment complex, who viewed one or more units, and who observed there were barriers to access that would interfere with his ability to access and use the facilities, which deterred him from renting a unit. *See, e.g.*, doc. no. 1, ¶ 21. These allegations place plaintiff's interests within the zone of interests protected by the law he invokes. In addition, the legislatively conferred cause of action which plaintiff alleges, encompasses his particular claims.

The allegations are sufficient to plausibly show that plaintiff is an "aggrieved person" within the meaning of 42 U.S.C. §3613(a)(1)(A) who has standing to sue. The allegations are sufficient for this purpose despite the lack of certain allegations which SRT argues are necessary to obtain prospective relief, such as allegations regarding plaintiff's intent to return to the property or plaintiff's intent to rent a unit. *See generally*, Tandy v. City of Wichita, 380 F.3d 1277, 1285-86 (10th Cir. 2004) (upholding "tester" standing in a case brought under the Rehabilitation Act and the Americans with Disabilities Act; court of appeals observed that the Supreme Court upheld "tester" standing to sue under the FHA in Havens Realty Corp. v. Coleman, 455 U.S. 363 (1982), reasoning that the broad statutory language of the FHA, alongside the FHA's purpose of eliminating racial discrimination in housing, evinced a congressional intent to confer standing to the full limits of Article III).

The court rejects SRT's argument that SRT should be dismissed from this action for lack of standing to name SRT as a "Remediation Defendant."

B. *Rule 12(b)(6) Challenge*

In light of principles already discussed, SRT's argument for dismissal under Rule 12(b)(6) may be disposed of without much additional analysis. Rule 19 provides for joining necessary parties whose presence is needed to give complete relief to other parties. That principle supports SRT's presence in this case as the alleged current owner of the property whose cooperation with inspections, certifications, and remediation is needed in the event those remedies are ordered. Accordingly, the fact that no FHA violation is alleged to have been committed by SRT does not mean that SRT is entitled to dismissal under Rule 12(b)(6).

The court also rejects SRT's contention that the prayer for relief, which SRT argues is overly broad, shows SRT should be dismissed from this action under Rule

12(b)(6). For example, SRT points out that the prayer appears to include a request that not only Merrimac and Legacy, but also SRT, bring the property into compliance with the FHA and with the Americans With Disabilities Act. Doc. no. 16, pp. 3-4 of 12, prayer (b). An overly broad prayer for relief is not, however, a basis for dismissing SRT under Rule 12(b)(6). *See*, Schoonover v. Schoonover, 172 F.2d 526, 530 (10th Cir. 1949) ("it is recognized, without exception, that the prayer forms no part of the cause of action, and that a pleader will be entitled to the relief made out by the case and stated in the pleadings, irrespective of what is asked for in the prayer."); Dingxi Longhai Dairy, Ltd. v. Becwood Technology Group L.L.C., 635 F.3d 1106, 1108 (8th Cir. 2011) ("[T]he selection of an improper remedy…will not be fatal to a party's pleading if the statement of the claim indicates the pleader may be entitled to relief of some other type"[7]).

The court rejects SRT's arguments for dismissal under Rule 12(b)(6).

### IV. Legacy's Motion to Join

Legacy states that it seeks to join SRT's arguments "regarding Plaintiff's failure to establish standing because of Plaintiff's failure to allege: 1) an injury-in-fact caused by Legacy; 2) an injury traceable to Legacy's conduct; 3) an injury redressable by the relief sought." Doc. no. 20, p. 1.

Problematically for Legacy, SRT's motion is carefully tailored to arguments that plaintiff has no standing to name SRT in this action, based on SRT's unique situation. SRT made no arguments intended to show no injury-in-fact caused by Legacy, or no injury traceable to Legacy's conduct, or no injury redressable by the relief sought against Legacy. Plaintiff points out these problems with Legacy's

---

[7] Here, "the claim indicates the pleader may be entitled to relief of some…type" from SRT, such as relief which orders cooperation with surveys, inspections, retrofits, and performance of such other acts as may be necessary to effectuate the judgment against Merriman and Legacy. *See*, doc. no. 1, prayer (c).

9

motion to join, arguing that Legacy's request for dismissal based on SRT's motion is "nonsensical." Doc. no. 21, p. 11 of 36.

Furthermore, Legacy offers no arguments of its own to explain why plaintiff would not have standing to allege claims against Legacy, given allegations that Legacy "participated in the design and construction of the Property," that Legacy "is the contractor that pulled permits and built the Property," that Legacy "hired various contractors to design and build the Property," and given allegations that the property fails to comply with FHA requirements in specific ways. Doc. no. 1, ¶¶11, 28(a)-(m).

Even if the court were to overlook these problems with Legacy's motion and attempt to sift through SRT's briefs to identify lack-of-standing arguments that could potentially apply not only to SRT but also to Legacy (presumably, for example, arguments that plaintiff has no standing to name SRT because the complaint does not allege that plaintiff intended to return to the property or rent the property), Legacy would not be entitled to dismissal. Any of SRT's arguments that might arguably be adapted to Legacy's situation have already been rejected by the court as part of the court's determination that SRT's motion will be denied. Finally and most importantly with respect to Legacy, the complaint alleges that there were barriers to access which deterred plaintiff from renting a unit, and that Legacy was involved in the design and construction of the non-compliant property. Consequently, the complaint plausibly alleges: 1) an injury-in-fact which is traceable to Legacy's conduct; 2) an injury traceable to Legacy's conduct; and 3) an injury which is redressable by the relief sought from Legacy. Thus, the court rejects the three specific arguments for lack of standing which Legacy's motion seeks to press.

In summary, the court will permit Legacy to join in SRT's motion, but the court will deny Legacy's motion to the extent it seeks dismissal for lack of standing to name Legacy as a defendant.

## V. Final Comment

One final comment is in order. Some of the matters the court notes here have been mentioned elsewhere in this order but bear further discussion here.

Plaintiff states that he is a Texas resident. His complaint intimates no intent ever to live in Oklahoma, let alone at the property in question. For that matter, his complaint intimates no intent ever to return to the property for any reason.[8] His complaint does not allege that, while at the property, the architectural or other features of which he complains actually affected his ability to do anything he wanted to do while he was there. He alleges that he was in fact "deterred" from renting a unit (doc. no. 1, at 7), an allegation which–with its implication of a good faith intent to rent a unit but for the features that allegedly deterred him–may invite further attention at the summary judgment or trial stage. *See*, Bowman v. RJM Center, LLC, 2015 WL 4722110 (E.D. Tex. August 7, 2015), involving this plaintiff, where the court observed that, in light of plaintiff's allegation that he was deterred, "it must be inferred that Bowman intended to rent an apartment at Centre

---

[8] Plaintiff has filed four other cases in this court, alleging claims substantially identical to his claims in this case. *See*, Bowman v. Continental 279 Fund LLC, CIV-18-0387-D; Bowman v. Legacy Trail Apartments LLC, CIV-18-0609-F; Bowman v. Marshall Square LLC, CIV-19-0085-G; and Bowman v. Classen Crossing LLC, CIV-19-0302-G. A Pacer search shows this plaintiff as plaintiff in more than one hundred civil cases in various federal judicial districts, including nine cases in the Northern District of Texas, twenty-five cases in the Southern District of Texas, six cases in the Eastern District of Texas and forty-six cases in the Western District of Texas.

Place.) *Id.* at *2.[9] And there is no indication in the papers before the court that plaintiff, as an "aggrieved person," ever sought to resolve his grievance without suit. (The court is not critical of this plaintiff's advocacy of compliance with federal housing legislation. At the same time, the court will note that it agrees with Judge Terrence Kern's observation about three months ago, in a case in the Northern District in which Mr. Bowman was a party, that remediation is more likely if unnecessary litigation expense can be avoided. <u>Bowman v. 71 At Tulsa Hills Apts., L.P</u>, 2019 WL 3938479 (N.D. Okla. August 20, 2019), at *1 (citing <u>Bowman v. Griffin Properties of Fort Smith, L.L.C.</u>, 19-cv-0179 (N.D. Okla. July 3, 2019).)

Because of the exceptionally broad treatment which must be accorded the statutory term "aggrieved person," the court has determined that plaintiff does not lack standing to seek judicial relief under the FHA. But that is the beginning, not the end, of the story. The appropriate scope of that relief (assuming that plaintiff establishes liability) is yet to be determined. The fact that the plaintiff enjoys the somewhat ephemeral status of being a statutory "aggrieved party" who has successfully pled his way across the threshold of the courthouse does little, in and of itself, to determine the extent of his claim on the court's equitable discretion to grant, deny otherwise tailor relief on the basis of the existence or nonexistence of actual, concrete harm. This is particularly true where, as here, the plaintiff seeks prospective relief. *See,* doc. no. 1, at 13. (Without saying whether or not he was, in fact, a tester, plaintiff has asserted that testers have standing in cases like this

---

[9] The court in the <u>RJM</u> case noted that there was evidence that Mr. Bowman lived in a $500,000 house fifty-three miles from the property in question. *Id.* at *2. In that case, Mr. Bowman's counsel (who is also Mr. Bowman's lead counsel in the case at bar), represented to the court that Mr. Bowman was not a tester. *Id.*

one. As has been noted, the decisions in Havens and Tandy support that proposition.)

Accordingly, the matters discussed here could affect the nature and availability of both substantive relief and ancillary relief such as attorneys' fees. As for attorneys' fees, the court notes that plaintiff seeks fees under 42 U.S.C. §§3613(c) and 12105. Doc. no. 1, at 14. Under § 3613, an award of attorneys' fees is discretionary. As for §12105, no such section exists. Presumably, plaintiff intended to cite 42 U.S.C. §12205, which, like §3613, provides for a discretionary award of attorneys' fees to the prevailing party. This discretion was recognized by the Court of Appeals in Ellis v. Univ. of Kansas Medical Center, 163 F.3d 1186, 1202 (10th Cir. 1998). Judge David Russell dealt with a case which potentially involved a fee award under §12205 in Tiessen v. Yong Fu, Inc., CIV-05-136 (W.D. Okla.). In that case, Judge Russell entered an order which stated, as relevant here, as follows:

> The parties are directed to advise the Court if efforts to resolve the case were pursued before filing of this action and, if not, why not. The answer to the Court's inquiry could affect any award of attorney fees in this case. 42 USC § 12205 makes attorney fees discretionary. In *Eller* [sic] *v. University of Kansas Medical Center*, 163 F.3rd 1186, 1202 (10th Cir. 1998) the Tenth Circuit disallowed any "unnecessary" hours in calculating appropriate attorneys fees. If this action could have been resolved without invoking the jurisdiction of the federal courts, the Court will view with skepticism any request for attorney fees.

*Id.*, Order dated March 2, 2005, doc. no. 12. *See also*, Hughes v. Frontier City Partners, L.P., CIV-05-335-F (W.D. Okla. April 28, 2005), Order at doc. no. 21.

VI. Conclusion

After careful consideration, SRT's motion to dismiss it from this action is **DENIED**.

Legacy's motion to join SRT's motion is **GRANTED IN PART** and **DENIED IN PART**.  Legacy's motion is **GRANTED** to the extent Legacy seeks permission to join SRT's lack-of-standing arguments; Legacy is therefore deemed to have joined the Rule 12(b)(1) portion of SRT's motion.  To the extent Legacy seeks dismissal, the motion is **DENIED**.

This action will be set on the court's next available status and scheduling conference docket.  The parties are **DIRECTED** to include in the status report a detailed description of the efforts, if any, which were made by the plaintiff to bring about non-judicial resolution of the matters in controversy in this case.

IT IS SO ORDERED this 27th day of November, 2019.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

19-0675p003.docx