IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANA BOWMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) |
| LEGACY HOUSING, LLC, | ) |
| | ) |
| Defendant/Third-Party Plaintiff, | ) |
| | ) |
| -vs- | )  Case No. CIV-19-675-F |
| | ) |
| MERRIMAC REAL ESTATE | ) |
| HOLDINGS II, LLC and | ) |
| SRT-LANDING, LLC, | ) |
| | ) |
| Defendants, | ) |
| | ) |
| -vs- | ) |
| | ) |
| GUEST REDDICK ARCHITECTS; | ) |
| CRAFTON, TULL & ASSOCIATES, | ) |
| INC.; and DTR DEVELOPMENT, | ) |
| LLC, | ) |
| | ) |
| Third-Party Defendants. | ) |

## ORDER

Two motions are before the court. The first is the motion to compel filed by defendant Legacy Housing, LLC., doc. no. 44. The second is plaintiff's motion to deny Legacy's motion to compel, or to stay proceedings on that motion. Doc. no.

48. Both motions have been fully briefed on both sides and are ripe for determination by the court.

Turning to the second motion, doc. no. 48, the court concludes that the motion is without merit and should be, and hereby is, **DENIED**.

Now for the motion to compel.   If nothing else is clear from the papers before the court, it is clear that plaintiff (or his counsel–it makes no difference) has a cavalier attitude toward his discovery obligations.  The motion, as filed, sought responses to eighteen discovery requests (interrogatories, requests for admission and a request for production).  Plaintiff had originally responded to those discovery requests with pro forma objections that were, in the context of the issues in this case, plainly without merit.

Concurrently with the filing of his response to the motion, plaintiff supplemented his discovery responses.  That supplementation leaves live issues only as to interrogatories 10, 14 and 17.  Interrogatory no. 10 inquires about plaintiff's litigation history.  Interrogatory no. 14 inquires about plaintiff's history of visiting multifamily dwellings with intent to rent.  Interrogatory no. 17 seeks a description of how the accessibility violations asserted in this case prevented plaintiff's access to and use of the facilities.  The court readily concludes, substantially for the reasons set forth in defendant's motion and reply, that plaintiff's objections to those interrogatories are without merit. These interrogatories seek information that may be relevant to plaintiff's standing to assert the claims he advances in this action, to the substantive merits of his claim, and to the damages or other relief he seeks to recover.

Accordingly, it is **ORDERED** that plaintiff shall provide full and true answers to interrogatories 10, 14 and 17, verified by the manual signature of plaintiff, under oath or affirmation, or under penalty of perjury (28 U.S.C. § 1746), not later than June 1, 2020.

Defendant seeks to recover the attorneys' fees reasonably incurred in enforcing its discovery rights in this case.  Rule 37(a)(5)(A) provides as follows:

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Defendant expressly requested recovery of fees in its motion as filed.  Doc. no. 44, at 24.  Plaintiff had an "opportunity to be heard" on the issue of fees in his response.  His response is silent on that subject, and Rule 37 "does not require an oral or evidentiary hearing on the issue."  Sun River Energy, Inc. v. Nelson, 800 F.3d 1219, 1230 (10th Cir. 2015).  The court concludes quite readily that (i) defendant fully complied (or at least attempted to comply) with its obligation to resolve these discovery issues without court action, (ii) plaintiff's objections were not substantially justified, and (iii) there are no other circumstances making an award of expenses unjust.

It is accordingly **ORDERED** that plaintiff shall reimburse defendant for the expenses, including attorneys' fees, reasonably incurred in making the present motion.  The court encourages the parties to resolve the matter of attorneys' fees without court involvement.  To that end, defendant is directed to substantiate its fee claim by sending an affidavit, with the usual supporting evidentiary materials, to plaintiff not later than May 25, 2020.  If the parties are unable to agree on the amount of fees, then defendant shall file the affidavit, with attached evidentiary

materials, in this case not later than June 1, 2020.[1]  In that event, plaintiff shall file his response on the issue of the amount of fees not later than June 8, 2020.  The court will promptly set the case for hearing on the amount of fees to be awarded.

DATED this 18th day of May, 2020.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

19-0675p016.docx

---

[1] If no affidavit is filed by June 1, 2020, the court will presume that the matter of fees has been resolved.