**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| DANA BOWMAN,<br><br>Plaintiff,<br><br>-vs-<br><br>MERRIMAC REAL ESTATE HOLDINGS, II, LLC; LEGACY HOUSING, LLC; and SRT-LANDING, LLC;<br><br>Defendants.<br>___<br><br>LEGACY HOUSING, LLC, Third-Party Plaintiff,<br><br>-vs-<br><br>GUEST REDDICK ARCHITECTS; CRAFTON, TULL & ASSOCIATES, INC.; and DTR DEVELOPMENT, LLC,<br><br>Third-Party Defendants. | ) | Case No. CIV-19-0675-F |

**ORDER**

I. SRT's First Amended Contingent Crossclaim

*(Doc. no. 95)*

On June 16, 2020, defendant SRT-Landing, Inc. (SRT) filed "A First Amended Contingent Crossclaim for Indemnity Against Merrimac Real Estate

Holdings II, LLC; Legacy Housing, LLC; Guest Reddick Architects; Crafton, Tull & Associates, Inc.; and DTR Development LLC." Doc. no. 95.

SRT's first amended contingent crossclaim was not filed with the opposing parties' written consent or with leave of court. Accordingly, it was not filed in compliance with Rule 15(a)(2), Fed. R. Civ. P.

Rather, SRT's first amended contingent crossclaim was filed in an attempt to amend as a matter of course under Rule 15(a)(1), Fed. R. Civ. P. Rule 15(a)(1)(B) provides that if a pleading is one to which a responsive pleading is required, then a party may amend that pleading once so long as it does so within twenty-one days after service of a responsive pleading, or within twenty-one days after service of a motion under Rule 12(b), (e) or (f), whichever is earlier. SRT's original crossclaim is a pleading to which a responsive pleading is required. The earliest pleading in response to SRT's original contingent crossclaim was Crafton, Tull & Associates' answer to the contingent crossclaim, filed May 11, 2020. Doc. no. 76. A Rule 12(b) motion (doc. no. 94, discussed in part II of this order) was also filed in response to SRT's original contingent crossclaim, but that motion was not filed until May 26, 2020. Accordingly, under Rule 15(a)(1)(B), SRT had twenty-one days from May 11 within which to amend its original crossclaim as a matter of course. Twenty-one days from May 11 is June 1, 2020. SRT's first amended contingent crossclaim was not filed until June 16, 2020, making it untimely.

SRT's first amended contingent crossclaim will be stricken because it is not in compliance with Rule 15(a)(2) and is untimely under Rule 15(a)(1).[1]

---

[1] In addition, the first amended contingent crossclaim (which varies slightly from SRT's original contingent crossclaim) fails to state a claim for the same reasons that SRT's original contingent

## II. Guest Reddick Architects' Motion to Dismiss SRT's (Original) Contingent Crossclaim

*(Doc. no. 94)*

Guest Reddick Architects (Guest Reddick) moves to dismiss SRT's (original) contingent crossclaim. Doc. no. 94 (seeking dismissal of the original contingent crossclaim, doc. no. 72).[2] The motion is brought under Rule 12(b)(6), Fed. R. Civ. P. SRT responded, objecting to dismissal. Doc. 96. No reply brief was filed.

### A. Standards

The inquiry under Rule 12(b)(6) is whether the complaint (or in this case, the contingent crossclaim) contains enough facts to state a claim for relief that is plausible on its face. Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir., 2007), quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007). To survive a motion to dismiss, a plaintiff (here, SRT) must nudge its claims across the line from conceivable to plausible. *Id*. The mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims. Ridge at Red Hawk, 493 F.3d at 1177. 664 (2009). "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S.662, 679 (2009). In determining a Rule 12(b)(6) motion, the court

---

crossclaim fails to state a claim, as discussed in part II. Accordingly, even if the first amended contingent crossclaim had complied with Rule 15, it would be deficient as a matter of law.

[2] The court gave SRT leave to file its (original) contingent crossclaim when no response was filed to SRT's motion seeking leave to do so. That order (doc. no. 62) merely permitted the filing of the contingent crossclaim. It did not consider the pleading's potential deficiencies.

may not consider matters outside the pleadings (without converting the motion to one for summary judgment). Lowe v. Town of Fairland, Oklahoma, 143 F.3d 1378, 1381 (10th Cir. 1998).

B. The Contingent Crossclaim

SRT's contingent crossclaim seeks indemnity from Guest Reddick and other defendants named in that pleading, so that SRT can protect itself from any possibility that it could ultimately be liable to plaintiff Dana Bowman for damages or other monetary relief related to the Fair Housing Act (FHA) violations alleged by Mr. Bowman in the complaint.[3]

C. The Parties' Arguments

Guest Reddick moves the court to dismiss SRT's contingent crossclaim. As observed by Guest Reddick near the beginning of its motion, allegations "must be enough to raise a right to [relief] above the speculative level." Doc. no. 94, p. 3, quoting Kay v. Bemis, 500 F.3d 1214, 1218 (10th Cir. 2017), quoting Twombly, 550 U.S. 544, 555. Guest Reddick argues that "SRT's Third-Party Contingent Crossclaim contains a claim against Guest Reddick that cannot be prosecuted inasmuch as it is nothing more than a speculative and contingent accusation tantamount to 'I don't know if Guest Reddick harmed me by harming someone else, but if it did, it unlawfully harmed me.' " Doc. no. 94, p.3. Thus, Guest Reddick's motion addresses the speculative nature of the contingent crossclaim. That said, the majority of Guest Reddick's arguments are more narrow, focusing on Guest Reddick's position that the contingent crossclaim alleges neither a contractual basis

---

[3] The only claims alleged against SRT are brought by Mr. Bowman in the complaint. No third-party claims are alleged against SRT.

nor any other type of relationship between SRT and Guest Reddick that could support indemnity under Oklahoma law.

SRT responds by explaining that the purpose of the contingent crossclaim is to protect it from the eventuality that some type of damages or other monetary relief could ultimately be awarded against SRT in favor of Mr. Bowman. That this is the purpose of the contingent crossclaim is clear from the face of that pleading. For example, the contingent crossclaim distinguishes between the alleged status of SRT as the owner of the property, and the defendants to the crossclaim who allegedly participated in the design and construction of the property.[4] The contingent crossclaim then alleges, as the basis of the indemnity claim, that SRT would be "entitled to judgment" against the defendants named in the crossclaim "to the extent any damages or other relief resulting in monetary liability are awarded [against SRT and] in favor of Plaintiff." *Id.*, ¶19 (emphasis added). SRT argues that while it "cannot venture a guess at the grounds on which it might be deemed responsible" in this action (doc. no. 96, p. 5), it would need to pursue indemnity if that eventuality came to pass. Accordingly, SRT asks the court to either deny the motion to dismiss as premature or postpone a ruling until final disposition of this action.

D. Discussion

There is no need to address the finer points of Guest Reddick's arguments concerning the type of relationships which do or do not support an indemnity claim

---

[4] The contingent crossclaim alleges that SRT is the current owner of the property, that it acquired the property following completion of construction and was not involved in the design or construction of the property, and that it has been named in this action solely as a party whose presence is necessary in the event that remediation is ordered. Doc. no. 72, ¶ 15. The contingent crossclaim alleges that the other defendants to the contingent crossclaim (Merrimac, Legacy Housing, Guest Reddick, Crafton Tull and DTR) were involved in the design and construction of the property. *Id.*, ¶¶ 15, 18.

in Oklahoma. It is not necessary to reach those arguments because it is clear on the face of the pleadings that SRT's contingent counterclaim fails as a matter of law for a more fundamental reason—the reason touched on by Guest Reddick's over-arching argument that the contingent crossclaim, to be legally plausible, must rise above the purely speculative level. To be sure, indemnity claims often rest on a contingency such as a monetary judgment awarded against the party who asserts indemnity. But for the reasons stated below, SRT's contingent crossclaim is aimed at protecting SRT from a contingency that simply cannot come to pass based on the pleadings as they now stand. Thus, the crossclaim is not merely contingent, it is wholly hypothetical.

The beginning point in this analysis is the complaint. The complaint makes clear that SRT is only named in this action as the "remediation defendant" and not as one of the "the defendants" as that term is used in the complaint to address the potential liability of entities other than SRT. For this and other reasons set out at length in the court's order which denied SRT's motion for dismissal from this action, the pleadings, on their face, establish that Mr. Bowman makes no claim for damages or other monetary relief from SRT. *See*, *e.g.*, doc. no. 24, p. 5 at n. 4 (complaint makes clear that Mr. Bowman does not contend SRT is liable for any FHA violations and that Mr. Bowman seeks no damages from SRT).

Indemnity, at least in general terms, is a theory of recovery which applies when there is an obligation to pay on the part of the party who seeks indemnification. *See*, National Union Fire Ins. Co. v. A.A.R. Western Skyways, Inc., 784 P.2d 52, 54 (Okla. 1989) ("The general rule of indemnity is that one without fault, who is forced to pay on behalf of another, is entitled to indemnification."). SRT's contingent crossclaim is consistent with this understanding of indemnity, as it seeks indemnity

"to the extent any damages or other relief resulting in monetary liability are awarded [against SRT] in favor of Plaintiff." Doc. no. 72, ¶19.

The problem is that given the lack of any claim by Mr. Bowman (or any other party) for damages or monetary relief against SRT, there is no means by which the contingency SRT seeks to protect itself against (a monetary award against SRT) can come to pass. The only event the court can imagine which could change this situation is an amendment to Mr. Bowman's complaint that would subject SRT to potential damages or other monetary relief. The issues for trial, however, are governed by the pleadings as they exist, not some possible future version of the pleadings. Moreover, the deadline for amendments passed on January 17, 2020. Doc. no. 33. In these circumstances, SRT's claim for indemnity fails as a matter of law because the pleadings in this action make clear that there is no chance that any monetary liability will be imposed on SRT.

SRT argues that although it knows of no basis upon which it could be held liable in this action, it was necessary to bring its contingent crossclaim because it has not received assurances from Mr. Bowman or others that SRT will not have any financial liability in this action. These arguments go beyond the face of the pleadings and are therefore disregarded. Nevertheless, the court is permitted to state the fundamental principle that it is the pleadings—not what the parties say or assure each other about the pleadings—which govern potential liability. Here, Mr. Bowman's complaint (both on its face, and as interpreted by the court in its order

denying SRT's motion to dismiss it from this action[5]) makes clear that Mr. Bowman alleges no claims for damages or other monetary relief against SRT.

Finally, SRT argues that Rule 18, Fed. R. Civ. P., permits joinder of a contingent claim if that claim is contingent on the disposition of another claim. SRT's crossclaim is not contingent on the disposition of another claim because there is no claim for monetary relief against SRT.

In summary, the pleadings make clear that the contingency upon which SRT's crossclaim is based (an award of damages or other monetary relief against SRT) is hypothetical in the extreme given that there are no claims in this action for damages or monetary relief from SRT. Accordingly, SRT has not alleged a plausible claim of indemnity against Guest Reddick or any other defendant named in the contingent crossclaim. Guest Reddick's motion to dismiss will therefore be granted, and SRT's contingent crossclaim will be dismissed in its entirety (meaning that the claims SRT attempts to assert in that pleading are dismissed as to all defendants named in that pleading).

Although SRT has lost the argument for retaining its contingent crossclaim, the parties are cautioned not to lose sight of the bigger point here, which is that there

---

[5] The court's order (doc. no. 24) kept SRT in this action on the sole ground that SRT is the current owner of the property, noting that SRT's status makes it a necessary party in the event remediation is ordered. The order quotes analogous cases in which current owners of properties sought dismissal from Fair Housing Act claims in situations where the current owners faced no financial obligation in relation to the property or in relation to potential remediation. *Id.*, pp. 4-5. As already stated, the order states that the complaint in this action "makes clear that plaintiff seeks no damages from SRT." *Id.*, p. 5 at n.4. The order also observes that while the prayer for relief is overly broad, the prayer forms no part of the cause of action. *Id.*, p. 9.

is no basis in the pleadings for an award of damages or any type of monetary relief against SRT.[6]

III. Conclusion

After careful consideration, SRT's first amended contingent crossclaim (doc. no. 95) is **STRICKEN** for failure to comply with Rule 15(a)(1) or (2), Fed. R. Civ. P.

Guest Reddick's motion to dismiss SRT's contingent crossclaim is **GRANTED** (doc. no. 94) under Rule 12(b)(6), Fed. R. Civ. P. The contingent crossclaim (doc. no. 72) is **DISMISSED** in its entirety, without prejudice to reconsideration at a later stage, in the unlikely event that the underlying claims change in a way that makes it plausible that SRT could need to assert a crossclaim for indemnity.

IT IS SO ORDERED this 1st day of July, 2020.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

19-0675p017.docx

---

[6] The parties must carefully tailor their pre-trial submissions to the claims that remain. Failure to do so may result in pre-trial filings being stricken or in other consequences detrimental to the filer.